Skinner *v.* Jayne.

---

THOMAS SKINNER *vs.* SAMUEL JAYNE.

The object of the law in permitting a defendant to give a forthcoming bond, is that he may retain possession of the property levied on till the day of sale.

The remedy in this case is alone in equity.

An execution is an entire thing, and cannot be in part superseded; and when credits are sought to be entered, equity is the proper tribunal.

ON appeal from the superior court of chancery; Hon. Stephen Cocke, chancellor.

The facts are contained in the opinion of the court.

*Geo. L. Potter*, for appellant.

*Adams & Dixon*, for appellee.

Mr. Justice FISHER delivered the opinion of the court.

At the October term, 1836, of Rankin circuit court, the appellee recovered a judgment against one Olin C. Dow for the sum of one hundred and eighty dollars. Execution issued upon this judgment, and the money was by the sheriff made thereon at the spring term, 1840, of said court. Upon the application of

Jayne, the sheriff refused to pay the money to him, on the ground that there was execution against him, in favor of the appellant, for $858, upon a judgment recovered in the circuit court of Simpson county, in May, 1839 ; and the sheriff insisted on applying the money to this execution. A motion on behalf of Jayne was made at the October term, 1839, of Rankin circuit court, to require the sheriff to pay over to Jayne's attorney the said $180 ; which motion was resisted by appellant's attorney, and the money ordered to be paid on appellant's execution. An execution afterwards issued upon the judgment of appellant, and was levied upon the property of the appellee, who gave a forthcoming bond for the full amount of the judgment; which was returned forfeited, and upon which an execution issued for the full amount thereof.

The object of the bill is to obtain a credit on appellant's judgment for $180, and to perpetually enjoin the same for this sum.

The attorney for the appellant states, that, after the judgment on the motion, he called on the deputy sheriff for the said sum of $180 ; and he, having collected the same in depreciated bank paper, the attorney refused to receive it. The defendant to the bill, by his answer, brings into court a transfer to Jayne of the judgment on the motion appropriating said money, &c.

By the judgment appropriating the money to the appellant, Jayne lost all control over the same, as well as all remedies against the sheriff ; and if the party prevailing in the judgment on the motion did not intend to take the benefit of it, he should at once have re-vested the right in Jayne to collect the money.

The counsel for the appellant insists that, by giving the forthcoming bond, Jayne has waived his right to insist on the credit ; and that if he has any remedy at all, it is at law. The object in giving a forthcoming bond is merely intended by the law to enable the defendant to retain in his possession the property levied on till the day of sale. It is true, after forfeiture it has the force and effect of a judgment. This, however, is only intended to keep in existence the remedy which

the party had to collect the original judgment, or so much thereof, with interest, as he was entitled to, at the time the bond was given. As to the remedy at law, we might dispose of this question by merely stating, that the pleadings raise no question as to the jurisdiction of the court; as the answer is confined exclusively to the merits of the cause. But we are of opinion, that the remedy is alone in equity. There was no full satisfaction of the judgment. An execution is an entire thing, and cannot be in part superseded; and when this is the case as to credits, equity is the proper tribunal, because the plaintiff's remedy for the sum he is actually entitled to is not suspended.

Decree affirmed.